# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | | |
|---|---|---|
| **BRENDA K. MILAM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:08-0963** |
| | ) | |
| **DR. JAMES B. PEAKE, Secretary,** | ) | |
| **Department of Veterans Affairs,** | ) | |
| | ) | |
| Defendant, | ) | |

and

| | | |
|---|---|---|
| **BRENDA K. MILAM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:08-01437** |
| | ) | |
| **DR. JAMES B. PEAKE, Secretary,** | ) | |
| **Department of Veterans Affairs,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On July 30, 2008, Plaintiff, acting *pro se*, filed her Complaint claiming entitlement to relief pursuant to the Civil Rights Act, and an Application to Proceed *in Forma Pauperis* in Civil Action No. 5:08-0963. (Civil Action No. 5:08-0963, Document Nos. 1 and 2.) In her Complaint, Plaintiff names James Peake as the Defendant. (Id., Document No. 2.) Plaintiff asserts that Defendant retaliated against her when she filed an EEOC action alleging discrimination. (Id.) Plaintiff has attached a copy of the EEOC's April 30, 2008, Decision (Agency No. 2004-05172005101950) affirming the Agency's August 28, 2006, Final Decision that Plaintiff failed to establish that she was discriminated against or harassed. (Id., Document No. 2-2.) Specifically, the EEOC found that

Plaintiff was not discriminated against or harassed when the following acts occurred:

> (a) her within-grade increase (WGI) was delayed for one month in April, 2005; (b) she was reminded to obtain approval for leave before it was taken in March, 2005; (c) from September 2004, through March 2005, she did not have sufficient supplies and was told to borrow them; (d) during investigation of a prior EEO complaint, the 'Tip of the Week' from the EEO Office addressed the consequences of false statements in September, 2004; and (e) agency management sought information about her to set her up for a reprimand.

(Id., Document No. 2-2, p. 2.) By Order entered on December 19, 2008, the undersigned granted Plaintiff's Application to Proceed *in Forma Pauperis*. (Id., Document No. 5.)

On December 18, 2008, Plaintiff filed a Complaint initiating Civil Action No. 5:08-01437 also claiming entitlement to relief pursuant to the Civil Rights Act, and an Application to Proceed *in Forma Pauperis*. (Civil Action No. 5:08-01437, Document Nos. 1 and 2.) In this Complaint, Plaintiff again names James Peake as the Defendant. (Id., Document No. 2.) Plaintiff continues to alleges that Defendant retaliated against her when she filed an EEOC action alleging discrimination. (Id.) Plaintiff has attached a copy of the EEOC's September 30, 2008, Decision (Agency Nos. 2004-05172006102513 and 2004-05172006102981) affirming the Agency's November 13, 2008, Final Decision that Plaintiff failed to establish that she was discriminated against or harassed. (Id.) Specifically, the EEOC found that Plaintiff was not subjected to discrimination or harassment based upon the following acts:

> On July 26, 2006, she was issued an admonishment; on July 14, 2006, management refused to respond to her request for reasonable accommodation; as of May 26, 2006, management failed to address her concerns as to the removal of 'illegal' documents from her work area; on May 30, 2006, management come to her work area unannounced and crowded around her causing her to feel threatened; on June 5, 2006, she was issued a Confirmation of Conversation and on January 30, 2008, she was sent a letter requesting medical documentation . . . [and] several claims involving denial of official time.

(Id., p. 16.)

Rule 42(a) of the Federal Rules of Civil Procedure states that "[w]hen actions involving a common question of law or fact are pending before the court. . . it may order all the actions consolidated." The Court finds that the above-captioned civil actions are based essentially upon the same factual circumstances and therefore present the same issues of law. Plaintiff alleges that Defendant retaliated against her when she filed an EEOC action alleging discrimination. Mr. Peake is named as the sole Defendant in both actions. Thus, the Court finds that no party would be prejudiced by consolidation, and elects to consolidate these civil actions. Accordingly, it is hereby **ORDERED** that Civil Action Nos. 5:08-0963 and 5:08-01437 are consolidated, with Civil Action No. 5:08-0963 designated as the lead action. The Clerk shall issue process in this case pursuant to Rule 4 of the Federal Rules of Civil Procedure.

The Clerk of this Court is directed to send a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: March 26, 2009.

R. Clarke VanDervort
United States Magistrate Judge